UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDOLSALAM MOHAMED HUSSEIN and
TAHANI HUSSEIN AHMED ABDULRAB,

              Plaintiffs,              Case Number 17-12356
                                                      Honorable David M. Lawson
v.

R. STEPHEN BEECROFT, AMBASSADOR,
UNITED STATES EMBASSY — CAIRO, and
UNITED STATES DEPARTMENT OF STATE,

              Defendants.
_____/

## ORDER DENYING APPLICATION FOR RELIEF FROM REQUIREMENT TO DESIGNATE LOCAL COUNSEL

This matter is before the Court on an application by counsel for the plaintiffs for relief from the requirement that she designate local counsel, as required by Eastern District of Michigan Local Rule 83.20(f)(1). That Rule requires that "[a] member of the bar of this court who appears as attorney of record in the district court and is not an active member of the State Bar of Michigan must specify as local counsel a member of the bar of this court with an office in the district." Under that Rule, "[l]ocal counsel must enter an appearance and have the authority and responsibility to conduct the case if non-local counsel does not do so."

The plaintiffs' attorney, Julie Goldberg, asserts that relief from the local rule is warranted because she has unique expertise in the immigration issues presented in this case, owing to her practice in the pertinent areas of the law which includes representing clients through her offices in California, New York, and Djibouti, Africa. Goldberg states that she is admitted to the bar of the State of California and numerous federal circuit and district courts around the country, and she also represents that she has plans to establish an office within this district, in order better to serve the

large community of Yemeni immigrants to this country who presently reside in or are attempting to make their way to southeastern Michigan. Goldberg further asserts that she "is eager to gain familiarity with the Local Rules and local legal culture of this Court," and that she believes she adequately can carry out her duties to the Court in this case without the assistance of local counsel.

Ms. Goldberg's remote practice illustrates many of the reasons why local counsel should be *required* in this case. This Court adopted its local counsel rule after determining that the benefits of the rule outweighed the expense it may visit on parties to litigation. Among those benefits is the presence of an attorney from this district who is familiar with local rules, customs and practices. More important is having a lawyer that can respond promptly to court requests and be available on short notice to address case matters if the need would arise. This Court generally prefers that lawyers attend court conferences in person, and local counsel facilitates that need, often at a savings to parties who have retained lawyers who must travel great distances to be present. Finally, local counsel often are invested in the practice of law in this district and are responsive to court directives and orders in ways that single-case practitioners are not.

The Court is cognizant and respectful of the special expertise and dedication that Ms. Goldberg brings to bear in this case, based on her experience in the relevant areas of law and her personal connection to the communities whence her clients come. However, the global nature of her practice, which apparently demands her presence in other parts of the country and throughout the world with some frequency, is precisely the sort of circumstance which mitigates in favor of enforcing the requirement to designate local counsel, not relaxing it. In fact, the difficulties presented by the nature of Ms. Goldberg's practice already were proved in this case when she

informed the Court that she cannot appear for the scheduled case management conference, owing to her commitment to her practice abroad at least through the end of February.

The Court will, as is its usual practice and custom, consider any reasonable requests for adjustment of deadlines and dates for appearances in the case, so long as good cause is shown for the requested adjournment in an appropriately filed motion or stipulation. However, the Court finds that it is prudent in this case to enforce the requirement for designation of local counsel, in order to ensure that a representative of the plaintiffs' legal team will be able promptly to perform all duties and to attend all appearances that may be directed by the Court, in the interest of facilitating the just, speedy, and inexpensive resolution of this case. The denial of the present application shall be without prejudice to renewal of the request by plaintiffs' counsel at a later appropriate date, if there is some substantial change in the circumstances and situation of her practice.

Accordingly, it is **ORDERED** that the plaintiffs' application for relief from the requirement to designate local counsel [20] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: January 22, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 22, 2018.

s/Susan Pinkowski
SUSAN PINKOWSKI